Kenneth S. Hixson, Judge, dissenting. Form over substance can be a good thing in general. Form over substance even has its place in legal jurisprudence. In fact, form over substance is sometimes necessary to protect our rights. However, where form over substance only serves to create more paper, causes unnecessary delays in justice, increases court dockets, and causes the parties to spend even more money in legal fees, form over substance should stand aside and allow the reviewing institution the opportunity to decide a case on its merits. In my opinion, this is such a case. Among the purposes of requiring an administrative agency to issue findings of fact and conclusions of law is to facilitate judicial review and to aid the parties in planning for rehearings and judicial review. See Voltage Vehicles v. Ark. Motor Vehicle Comm’n, 2012 Ark. 386, 424 S.W.3d 281. A fair reading of the majority opinion implies that the Board herein completely ignored its responsibilities. That is not the case. Here, the Board issued eight findings of fact and three conclusions of law, and based on those findings and conclusions, it issued an order imposing a $1,000 civil penalty and revoked Callicott’s surveyor’s license. To |inshow that the Board did not disregard nor neglect its responsibility to issue findings and conclusions, below is a verbatim excerpt from the Board’s Order: On the basis of the testimony, and other evidence presented during the hearing, the Board makes the following Findings of Fact, Conclusions of Law, and Order. FINDINGS OF FACT FI. At all times relevant to the complaint, the Respondent was a Professional Surveyor licensed by the Board, and the Board has jurisdiction over his con- ' duct. F2, Complainant Charles McGowan has an inteiest in a parcel of land in Ouachita County. McGowan desired to have the parcel boundaries marked on the ground, according to the survey plat and legal descriptions under which he held title. F3. McGowan engaged the Respondent to perform the desired work. F4. McGowan met the Respondent on the parcel on April 16, 2013, to discuss what work was to be done. During that meeting, McGowan gave the Respondent a check for $1,000, the agreed price for the proposed survey work. F5. McGowan asserts that the check was cashed on April 19, 2013. The Respondent does not dispute this fact. F6. McGowan asserts that the agreed work has never been completed. The Respondent does not dispute that the agreed work has never been completed. F7. McGowan asserts that the Respondent made no attempt to contact him, or explain the delay, or make other arrangements, nor did the Respondent respond to repeated attempts by McGowan to contact him from April 19, 2013, until the complaint was brought before the Board. F8. During the course of the investigation, the Respondent refused to provide pertinent information about the complaint that was requested by the Board’s investigator. CONCLUSIONS OF LAW Cl. The conduct of the Respondent, as set forth above in the Findings of Fact, constitutes one count of engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud or harm the public in violation of Arkansas Code Annotated § 17-48-205. | nC2. The conduct of the Respondent, as set forth above in the Findings of Fact, constitutes one count of failing to faithfully serve the legitimate interest of his client, in violation of the preamble of the Rules of Professional Conduct. C3. The conduct of the Respondent, as set forth above in the Findings of Fact, constitutes one count of failing to provide information requested by the board as a result of a formal or informal complaint to the board, in violation of Arkansas Code Annotated § 17-48-205. ORDER 01. The Respondent is ordered to pay a civil penalty of One Thousand Dollars ($1,000) for the violations described .in Paragraphs Cl, C2, and C3 above. The total civil penalty must be received by the Board within fifty (50) days of the service of this Order. . . 02. For the violations- described in Paragraphs Cl, C2, and C3 above, the Professional Surveyor license of the Respondent is'hereby revoked. (Emphasis added.) 'While these findings and conclusions could have been more detailed and articulate, the question is whether the findings and conclusions were sufficient to facilitate judicial review for the circuit court and the court of appeals to determine the basis for the Board’s decision • and whether the Board resolved the issues in conformity with the law. It appears that these findings ,of fact and conclusions, of Jaw were sufficiently clear: . . . ,. • for the surveyor- to file a meaningful petition for judicial review- to the circuit court contending that the Board’s decision was unsupported by substantial evidence; . • for the circuit court to find that the Board erred in finding that a violation occurred and that the penalty was unduly harsh and reversing the Board’s decision; and • for the parties to file their appellate briefs, making meaningful arguments - to the court setting forth their respective positions, with neither party questioning the sufficiency of the Board’s findings or conclusions. . Yet for some.reason, according to the majority opinion sua sponte, these findings of fact and conclusions of law “are insufficient to allow [our] court to determine whether the issues were | ^resolved in conformity with the law” and “the Board’s order fails to detail what it found to have actually happened regarding several critical issues and fails to state how the facts led to its conclusions.” I simply disagree. When read as a whole, the Board determined that the surveyor was paid, did not complete his contracted job, and did not communicate with his client. Then, during the Board’s investigation, the surveyor did not provide information requested by the Board, and as a result, the Board fined the surveyor $1,000 and revoked his license. In my opinion, when the record on appeal and the order are read together as a whole, the findings and conclusions are sufficient to allow and facilitate a judicial review. There is a cost to form over substance. Could the Board have been more articulate? Could the Board’s decision have been more detailed? Both are probably answered “yes.” However, is the existing language used by the Board so insufficient that it prevents a meaningful judicial review? I think not. Our disposition sends this case back to the Board for more findings and more conclusions. Once the Board issues a new and improved order, then the surveyor will have to appeal the case back to the circuit court. Then the circuit court will re-review the new and improved order. Then, the losing party will again have to appeal this case back to this court. More money, more time, and a significant waste of judicial economy. More form over substance. I would perform a judicial review and get to the merits of the case. I would affirm the finding that the surveyor violated the rules pertaining to professionalism to his client and failure to provide information to the Board. I would also affirm the fine. However, I would 1^reverse the revocation of Callicott’s license as arbitrary and capricious, and remand to the Board to fashion a penalty less than revocation.